IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BROCADE COMMUNICATIONS SYSTEMS, INC., a Delaware corporation, | ) ) ) | |
| | ) | Civil Action No. _____ |
| Plaintiff, | ) ) | |
| v. | ) ) | JURY TRIAL DEMANDED |
| | ) | |
| A10 NETWORKS, INC., a California corporation, | ) ) ) | |
| Defendant. | ) ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Brocade Communications Systems, Inc. ("Brocade"), for its Complaint against Defendant A10 Networks, Inc. ("Defendant"), hereby alleges as follows:

### THE PARTIES

1. Brocade is a Delaware corporation with its principal place of business at 1745 Technology Drive, San Jose, CA 95110.

2. Upon information and belief, A10 is a California corporation with its principal place of business at 2309 Bering Drive, San Jose, CA 95131.

### NATURE OF THE ACTION

3. This is an action brought by Brocade against Defendant for Defendant's infringement of Brocade's patents. Specifically, Brocade seeks remedies for Defendant's infringement of Brocade's U.S. Patent Nos. 7,558,195 ("the '195 Patent"), 7,581,009 ("the '009 Patent"), 7,454,500 ("the '500 Patent"), 7,574,508 ("the '508 Patent"), 7,647,427 ("the '427 Patent"), 7,657,629 ("the '629 Patent"), and 7,584,301 ("the '301 Patent") (collectively, "the Asserted Patents").

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*, for infringement by Defendant of the Asserted Patents owned by Brocade. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States.

5. This Court has personal jurisdiction over Defendant because Defendant has established minimum contacts with the forum state of Delaware. Upon information and belief, Defendant, directly and/or through third-party manufacturers, manufactures, assembles, and/or imports products that are and have been offered for sale, sold, purchased, and used within the state of Delaware, including, but not limited to, products that infringe the Asserted Patents, and has caused injury to Brocade, a Delaware corporation, by its infringement, as set forth below. In addition, Defendant, directly and/or through its distribution networks, regularly places its products, including, but not limited to, products that infringe the Asserted Patents, within the stream of commerce, with the knowledge and/or understanding that such products will be sold in Delaware. Thus, Defendant has purposefully availed itself of the benefits of the laws of the state of Delaware and the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

6. Upon information and belief, venue is proper in this district pursuant to 28 U.S.C. § 1400(b) because this is a civil action for patent infringement and Defendant resides in this judicial district within the meaning of the statute in that Defendant is a corporation that is subject to personal jurisdiction in this judicial district.

## GENERAL ALLEGATIONS AGAINST A10 NETWORKS, INC.

7. Brocade is an industry leader in delivering innovative, high-performance, and reliable networking solutions. Brocade offers complete end-to-end networking solutions—with Brocade solutions now used in over 90 percent of Global 1000 data centers. The United States Patent and Trademark Office has acknowledged such innovations by awarding patents to Brocade and its wholly owned subsidiary, Foundry Networks, LLC ("Foundry").

8. Foundry developed and sold products that it named ServerIron. After Brocade acquired Foundry in 2008, Foundry and Brocade sold ServerIron products and the more-recent ADX products, among others.

9. On information and belief, during the period between July 2004 and October 2007, at least five employees of Foundry left Foundry to join Defendant, including Lee Chen, Phillip Kwan, Gurudeep Kamat, Liang Han, and Rajkumar Jalan. On information and belief, during their employment at Foundry, these former employees had access to Foundry's source code and engineering designs and documentation for the ServerIron products and/or other Foundry products.

10. On information and belief, of these former Foundry employees, at least Messrs. Chen, Han, and Jalan worked on the Foundry ServerIron products during their employment at Foundry.

11. Defendant (and/or third parties acting on Defendant's behalf) manufactures, imports, sells, and/or offers to sell products ("the Accused Products"), including its AX series products, that infringe the Asserted Patents. Defendant has competed directly with the products and product lines of Brocade and Foundry, such as the ServerIron products, on which some or all

of these former employees worked at Foundry. On information and belief, some or all of these former Foundry employees have worked on the Accused Products.

12. The Accused Products compete with the products and product lines of Brocade and Foundry, including the ServerIron and ADX products.

13. Mr. Chen was one of Foundry's founders and was also its Vice President of Software before his departure from Foundry in or around August 2004. While at Foundry, Mr. Chen had complete access to the design documents and source code for Foundry's products, including the ServerIron products, and ultimately supervised most or all of the named inventors of the Asserted Patents.

14. While he was at Foundry, Mr. Chen was aware that Foundry filed patent applications, some of which resulted in the Asserted Patents. Mr. Chen had personal knowledge of the Foundry technology in the Asserted Patents and the Foundry products that included that technology. Mr. Chen supervised the work of the named inventors.

15. Mr. Chen is the founder and CEO of Defendant. On information and belief, Mr. Chen is the individual at Defendant who decided that Defendant would make products that compete with the Foundry products on which Mr. Chen worked at Foundry and that include technology of the Asserted Patents. On information and belief, Mr. Chen has made, or has been involved in, the decisions on what features to include in the Accused Products, including, but not limited to, the features that infringe the Asserted Patents.

16. Mr. Jalan is another former Foundry employee who joined Defendant. Mr. Jalan is named as an inventor in the '195 Patent, the '009 Patent, and the '500 Patent. On information and belief, Mr. Jalan is Chief Technology Officer of Defendant and is involved with the Accused Products. Before he left Foundry in December 2004, Mr. Jalan was very familiar with the inner

workings of the Foundry products built using the technology of the Asserted Patents, as well as the Foundry patent applications filed thereon.

## FIRST CLAIM FOR PATENT INFRINGEMENT
### (Infringement of U.S. Patent 7,558,195)

17. Each of the foregoing paragraphs is incorporated in this First Claim as though fully set forth herein.

18. On July 7, 2009, the '195 Patent duly and legally issued to Foundry under its former name of Foundry Networks, Inc. This patent is titled "System and Method for Providing Network Route Redundancy Across Layer 2 Devices." A copy of the '195 Patent is attached hereto as "Exhibit A" and made a part hereof.

19. Brocade is the owner of the '195 Patent pursuant to an assignment from Foundry and has the right to enforce the '195 Patent, including the right to bring this suit for injunctive relief and damages.

20. On information and belief, Defendant has infringed and is infringing the '195 Patent by making, using, selling, offering for sale, and/or importing, without authority, products and services that are covered by one or more claims of the '195 Patent, including, but not limited to, the Accused Products like the AX Series products.

21. On information and belief, Defendant and certain of its officers and employees, including, but not limited to, Mr. Chen, are aware of the existence of the '195 Patent and/or one or more of the applications underlying the patent and, despite such knowledge, Defendant continues to willfully, wantonly and deliberately engage in acts of infringement, as that term is defined in 35 U.S.C. § 271, without regard to the '195 Patent.

22. Brocade has been and continues to be damaged by Defendant's infringement of the '195 Patent, in an amount to be determined at trial.

23. Brocade has suffered irreparable injury for which there is no adequate remedy at law and will continue to suffer such irreparable injury unless Defendant's infringement of the '195 Patent is enjoined by this Court.

24. Defendant's infringement of the '195 Patent is exceptional and entitles Brocade to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## SECOND CLAIM FOR PATENT INFRINGEMENT
### (Infringement of U.S. Patent 7,581,009)

25. Each of the foregoing paragraphs is incorporated in this Second Claim as though fully set forth herein.

26. On August 25, 2009, United States Patent No. 7,581,009 ("the '009 Patent") duly and legally issued to Foundry under its former name of Foundry Networks, Inc. This patent is titled "Global Server Load Balancing." A copy of the '009 Patent is attached hereto as "Exhibit B" and made a part hereof.

27. Brocade is the owner of the '009 Patent pursuant to an assignment from Foundry and has the right to enforce the '009 Patent, including the right to bring this suit for injunctive relief and damages.

28. On information and belief, Defendant has infringed and is infringing the '009 Patent by making, using, selling, offering for sale, and/or importing, without authority, products and services that are covered by one or more claims of the '009 Patent, including, but not limited to, the Accused Products like the AX Series products.

29. On information and belief, Defendant and certain of its officers and employees, including, but not limited to, Mr. Chen, are aware of the existence of the '009 Patent and/or one or more of the applications underlying the patent and, despite such knowledge, Defendant continues to willfully, wantonly and deliberately engage in acts of infringement, as that term is defined in 35 U.S.C. § 271, without regard to the '009 Patent.

30. Brocade has been and continues to be damaged by Defendant's infringement of the '009 Patent, in an amount to be determined at trial.

31. Brocade has suffered irreparable injury for which there is no adequate remedy at law and will continue to suffer such irreparable injury unless Defendant's infringement of the '009 Patent is enjoined by this Court.

32. Defendant's infringement of the '009 Patent is exceptional and entitles Brocade to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### THIRD CLAIM FOR PATENT INFRINGEMENT
### (Infringement of U.S. Patent 7,454,500)

33. Each of the foregoing paragraphs is incorporated in this Third Claim as though fully set forth herein.

34. On November 18, 2008, United States Patent No. 7,454,500 ("the '500 Patent") duly and legally issued to Foundry under its former name of Foundry Networks, Inc. This patent is titled "Global Server Load Balancing." A copy of the '500 Patent is attached hereto as "Exhibit C" and made a part hereof.

35. Brocade is the owner of the '500 Patent pursuant to an assignment from Foundry and has the right to enforce the '500 Patent, including the right to bring this suit for injunctive relief and damages.

36. On information and belief, Defendant has infringed and is infringing the '500 Patent by making, using, selling, offering for sale, and/or importing, without authority, products and services that are covered by one or more claims of the '500 Patent, including, but not limited to, the Accused Products like the AX Series products.

37. On information and belief, Defendant and certain of its officers and employees, including, but not limited to, Mr. Chen, are aware of the existence of the '500 Patent and/or one or more of the applications underlying the patent and, despite such knowledge, Defendant continues to willfully, wantonly and deliberately engage in acts of infringement, as that term is defined in 35 U.S.C. § 271, without regard to the '500 Patent.

38. Brocade has been and continues to be damaged by Defendant's infringement of the '500 Patent, in an amount to be determined at trial.

39. Brocade has suffered irreparable injury for which there is no adequate remedy at law and will continue to suffer such irreparable injury unless Defendant's infringement of the '500 Patent is enjoined by this Court.

40. Defendant's infringement of the '500 Patent is exceptional and entitles Brocade to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### FOURTH CLAIM FOR PATENT INFRINGEMENT
### (Infringement of U.S. Patent 7,574,508)

41. Each of the foregoing paragraphs is incorporated in this Fourth Claim as though fully set forth herein.

42. On August 11, 2009, United States Patent No. 7,574,508 ("the '508 Patent") duly and legally issued to Foundry under its former name of Foundry Networks, Inc. This patent is

titled "Canonical name (CNAME) Handling for Global Server Load Balancing." A copy of the '508 Patent is attached hereto as "Exhibit D" and made a part hereof.

43. Brocade is the owner of the '508 Patent pursuant to an assignment from Foundry and has the right to enforce the '508 Patent, including the right to bring this suit for injunctive relief and damages.

44. On information and belief, Defendant has infringed and is infringing the '508 Patent by making, using, selling, offering for sale, and/or importing, without authority, products and services that are covered by one or more claims of the '508 Patent, including, but not limited to, the Accused Products like the AX Series products.

45. On information and belief, Defendant and certain of its officers and employees, including, but not limited to, Mr. Chen, are aware of the existence of the '508 Patent and/or one or more of the applications underlying the patent and, despite such knowledge, Defendant continues to willfully, wantonly and deliberately engage in acts of infringement, as that term is defined in 35 U.S.C. § 271, without regard to the '508 Patent.

46. Brocade has been and continues to be damaged by Defendant's infringement of the '508 Patent, in an amount to be determined at trial.

47. Brocade has suffered irreparable injury for which there is no adequate remedy at law and will continue to suffer such irreparable injury unless Defendant's infringement of the '508 Patent is enjoined by this Court.

48. Defendant's infringement of the '508 Patent is exceptional and entitles Brocade to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## FIFTH CLAIM FOR PATENT INFRINGEMENT
(Infringement of U.S. Patent 7,647,427)

49. Each of the foregoing paragraphs is incorporated in this Fifth Claim as though fully set forth herein.

50. On January 12, 2010, United States Patent No. 7,647,427 ("the '427 Patent") duly and legally issued to Foundry under its former name of Foundry Networks, Inc. This patent is titled "Redundancy Support for Network Address Translation (NAT)." A copy of the '427 Patent is attached hereto as "Exhibit E" and made a part hereof.

51. Brocade is the owner of the '427 Patent pursuant to an assignment from Foundry and has the right to enforce the '427 Patent, including the right to bring this suit for injunctive relief and damages.

52. On information and belief, Defendant has infringed and is infringing the '427 Patent by making, using, selling, offering for sale, and/or importing, without authority, products and services that are covered by one or more claims of the '427 Patent, including, but not limited to, the Accused Products like the AX Series products.

53. On information and belief, Defendant and certain of its officers and employees, including, but not limited to, Mr. Chen, are aware of the existence of the '427 Patent and/or one or more of the applications underlying the patent and, despite such knowledge, Defendant continues to willfully, wantonly and deliberately engage in acts of infringement, as that term is defined in 35 U.S.C. § 271, without regard to the '427 Patent.

54. Brocade has been and continues to be damaged by Defendant's infringement of the '427 Patent, in an amount to be determined at trial.

55. Brocade has suffered irreparable injury for which there is no adequate remedy at law and will continue to suffer such irreparable injury unless Defendant's infringement of the '427 Patent is enjoined by this Court.

56. Defendant's infringement of the '427 Patent is exceptional and entitles Brocade to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## SIXTH CLAIM FOR PATENT INFRINGEMENT
(Infringement of U.S. Patent 7,657,629)

57. Each of the foregoing paragraphs is incorporated in this Sixth Claim as though fully set forth herein.

58. On February 2, 2010, United States Patent No. 7,657,629 ("the '629 Patent") duly and legally issued to Foundry under its former name of Foundry Networks, Inc. This patent is titled "Global Server Load Balancing." A copy of the '629 Patent is attached hereto as "Exhibit F" and made a part hereof.

59. Brocade is the owner of the '629 Patent pursuant to an assignment from Foundry and has the right to enforce the '629 Patent, including the right to bring this suit for injunctive relief and damages.

60. On information and belief, Defendant has infringed and is infringing the '629 Patent by making, using, selling, offering for sale, and/or importing, without authority, products and services that are covered by one or more claims of the '629 Patent, including, but not limited to, the Accused Products like the AX Series products.

61. On information and belief, Defendant and certain of its officers and employees, including, but not limited to, Mr. Chen, are aware of the existence of the '629 Patent and/or one or more of the applications underlying the patent and, despite such knowledge, Defendant

continues to willfully, wantonly and deliberately engage in acts of infringement, as that term is defined in 35 U.S.C. § 271, without regard to the '629 Patent.

62.  Brocade has been and continues to be damaged by Defendant's infringement of the '629 Patent, in an amount to be determined at trial.

63.  Brocade has suffered irreparable injury for which there is no adequate remedy at law and will continue to suffer such irreparable injury unless Defendant's infringement of the '629 Patent is enjoined by this Court.

64.  Defendant's infringement of the '629 Patent is exceptional and entitles Brocade to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### SEVENTH CLAIM FOR PATENT INFRINGEMENT
**(Infringement of U.S. Patent 7,584,301)**

65.  Each of the foregoing paragraphs is incorporated in this Seventh Claim as though fully set forth herein.

66.  On September 1, 2009, United States Patent No. 7,584,301 ("the '301 Patent") duly and legally issued to Foundry under its former name of Foundry Networks, Inc. This patent is titled "Host-Level Policies For Global Server Load Balancing." A copy of the '301 Patent is attached hereto as "Exhibit G" and made a part hereof.

67.  Brocade is the owner of the '301 Patent pursuant to an assignment from Foundry and has the right to enforce the '301 Patent, including the right to bring this suit for injunctive relief and damages.

68.  On information and belief, Defendant has infringed and is infringing the '301 Patent by making, using, selling, offering for sale, and/or importing, without authority, products

and services that are covered by one or more claims of the '301 Patent, including, but not limited to, the Accused Products like the AX Series products.

69. On information and belief, Defendant and certain of its officers and employees, including, but not limited to, Mr. Chen, are aware of the existence of the '301 Patent and/or one or more of the applications underlying the patent and, despite such knowledge, Defendant continues to willfully, wantonly and deliberately engage in acts of infringement, as that term is defined in 35 U.S.C. § 271, without regard to the '301 Patent.

70. Brocade has been and continues to be damaged by Defendant's infringement of the '301 Patent, in an amount to be determined at trial.

71. Brocade has suffered irreparable injury for which there is no adequate remedy at law and will continue to suffer such irreparable injury unless Defendant's infringement of the '301 Patent is enjoined by this Court.

72. Defendant's infringement of the '301 Patent is exceptional and entitles Brocade to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38(b), Brocade demands trial by jury of all issues so triable that are raised herein or which hereinafter may be raised in this action.

### PRAYER FOR RELIEF

WHEREFORE, Brocade prays for the following judgment and relief against Defendant:

a. That Defendant be declared to have infringed each and every one of the Asserted Patents;

b. That Defendant, its officers, agents, and employees, and those persons in active concert or participation with any of them, and their successors and assigns, be permanently

enjoined from infringement, inducement of infringement, and contributory infringement of each and every one of the Asserted Patents, including, but not limited to, an injunction against making, using, selling, and/or offering for sale within the United States, and/or importing into the United States, any products and/or services that infringe the Asserted Patents;

  c. That Brocade be awarded all damages, including lost profits, adequate to compensate it for Defendant's infringement of the Asserted Patents, such damages to be determined by a jury, and if necessary to adequately compensate Brocade for the infringement, an accounting;

  d. That Brocade be awarded treble damages and pre-judgment and post-judgment interest at the maximum rate allowed by law;

  e. That this case be declared an exceptional case within the meaning of 35 U.S.C. § 285 and that Brocade be awarded attorneys' fees, costs, and expenses incurred in connection with this action; and

  f. That Brocade be awarded such other and further relief as this Court deems just and proper under the circumstances.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

William L. Anthony
Fabio E. Marino
Matthew H. Poppe
I. Neel Chatterjee
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025
(650) 614-7400

Dated: April 23, 2010
963380

By: _____
Philip A. Rovner (#3215)
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

*Attorneys for Plaintiff*
*Brocade Communications Systems, Inc.*